UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - MOTION TO DISMISS (Dkt. 16, filed on JUNE 10, 2024)

## I.   INTRODUCTION

On April 16, 2024, plaintiff David Cohen filed this action against defendants Jason Bokor, Alex Huwe, Reimund Dann, and Pioonier International ("PG INT'L") and against nominal defendant Pioonier Group, LLC ("PG LLC"). Dkt. 1. That same day, plaintiff filed a corrected amended complaint against the same defendants. Dkt. 6 ("Compl."). Plaintiff alleges that defendants schemed and conspired to wrongfully oust plaintiff from PG LLC and take for themselves the benefits and profits from plaintiff's investment in PG LLC. Id. ¶ 20. Defendants further purported to dissolve PG LLC and entered into an agreement to sell the goods of PG INT'L only to Bokor, in violation of the Operating Agreement. Id. ¶ 28.

Plaintiff brings this action both in his individual capacity and in his derivative capacity as a member of PG LLC, and asserts six claims for relief: (1) fraud and deceit, as against all defendants; (2) a derivative claim for breach of contract, by PG LLC against defendants Bokor and PG INT'L; (3) a derivative claim for breach of fiduciary duty, by PG LLC against defendant Bokor; (4) a derivative claim for intentional interference with contract, by PG LLC against all defendants; (5) an order for accounting, as against defendant Bokor and PG INT'L; and (6) entry of a preliminary and permanent injunction, as against all defendants. Id.

On May 28, 2024, plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") and an order to show cause regarding a preliminary injunction. Dkt. 12. On May 29, 2024, plaintiff filed a proof of service, which states that copies of plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
|---|---|---|---|
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

*ex parte* application were served on defendants by email and by FedEx to addresses outside of the United States.[1] Dkt. 13.

On May 29, 2024, the Court denied plaintiff's *ex parte* application for a TRO and ordered plaintiff to show cause regarding his motion for a preliminary injunction. Dkt. 14. The Court directed plaintiff to serve defendants with a copy of its order and return a proof of service by June 6, 2024, and set a hearing on the motion for July 8, 2024. Id. On June 5, 2024, plaintiff filed a proof of service of the Court's May 29 order. Dkt. 15.

On June 10, 2024, specially appearing defendant PG INT'L filed a motion to dismiss. Dkt. 16. On June 14, 2024, PG INT'L, again specially appearing, filed an opposition to plaintiff's motion for a preliminary injunction. Dkt. 18.

On June 17, 2024, plaintiff filed an opposition to PG INT'L's motion. Dkt. 19. On June 21, 2024, plaintiff filed a reply in support of his motion for a preliminary injunction. Dkt. 20. On June 24, 2024, PG INT'L filed a reply in support of its motion to dismiss. Dkt. 21.

On July 7, 2024, plaintiff informed the Court that he intended to submit to the Court's tentative ruling on PG INT'L's motion to dismiss. Accordingly, the Court vacated the July 8, 2024 hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

### A. Parties

Plaintiff Cohen is a citizen of the state of California. Compl. ¶ 1.

Defendant Bokor is an individual residing in, and a citizen of, Canada. Id. ¶ 2. Defendants Huwe and Dann are individuals residing in, and citizens of, Germany. Id. ¶¶ 3-4. Defendant PG INT'L is a foreign business entity with an alleged principal place of business and citizenship in Bulgaria. Id. ¶ 5. "Huwe and Dann are general managers of PG INT'L." Id. ¶ 14.

---

[1] Plaintiff also served his *ex parte* application on defendants' prior and possibly present counsel, Frank Sandelmann, Esq., by email and by FedEx to his law firm's address in Manhattan Beach, California. Dkt. 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

Nominal defendant PG LLC is a Delaware limited liability company with its principal place of business in California. Id. ¶ 6. It is a startup that aims to manufacture, market, and sell recycled plastic railroad tie products. Id. Plaintiff is the Manager, Chief Executive Officer, and an LLC member of PG LLC. Id. ¶ 12. Bokor is the other Manager and an LLC member of the company. Id. ¶ 13. PG INT'L is the third member of the company. Id. ¶ 14.

### III.  LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital It'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (internal quotation marks and citation omitted). "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). On a Rule 12(b)(5) motion, the court "must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

When a plaintiff fails to meet his burden on such a motion, the district court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." 5B Wright & Miller, Federal Practice & Procedure § 1354 (3d ed. Apr. 2015); see Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976) (similar). Despite this discretion, courts have generally held that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983).

### IV.  DISCUSSION

PG INT'L argues that plaintiff has failed to serve it—a company in Bulgaria—pursuant to Federal Rule of Civil Procedure 4 and Bulgarian service requirements. Mot. at 6. According to PG INT'L, "[t]he Republic of Bulgaria objects to the use of channels of transmission for service mentioned in Article 10 of the [Hague] Convention and requires the document to be served to be written in or accompanied by a translation into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

the Bulgarian language." Id. PG INT'L contends that plaintiff filed the TRO and preliminary injunction to "force" PG INT'L to defend on the merits and thereby waive personal jurisdiction arguments. Id. at 6-7. It therefore requests that the Court quash service and continue the hearing on plaintiff's motion for a preliminary injunction until after jurisdiction is established. Id. at 6-7.

In opposition, plaintiff asserts that PG INT'L failed to meet and confer without good cause in violation of Local Rule 7-3 and failed to lodge a proposed order on its motion to dismiss in violation of Local Rule 7-20. Opp. at 2-3. Further, plaintiff argues that PG INT'L waived the defense of lack of personal jurisdiction and thus consented to the Court's jurisdiction by only raising the defense of insufficient service of process under Rule 12(b)(5) in its motion to dismiss. Id. at 3. Plaintiff contends that PG INT'L also waived the defense of insufficient service of process by filing an opposition on the merits to plaintiff's motion for a preliminary injunction. Id. Even though PG INT'L raised its Rule 12(b)(5) defense in its motion to dismiss before it filed its opposition to plaintiff's motion, plaintiff argues that PG INT'L's "conduct constituted 'a reasonable expectation that [it] is defending the suit on the merits,' and thus waived the Rule 12(b) defenses." Id. at 4 (citation omitted).

In reply, PG INT'L asserts that it did not meet and confer because it did not want to waive jurisdiction and because it did not learn of the Court's May 29, 2024 order until June 6, and needed to file a motion to dismiss before filing an opposition to plaintiff's motion in compliance with the Court's order. Reply at 2-3. PG INT'L requests that the Court excuse its noncompliance with the Local Rules given that it urgently drafted its motion to dismiss and filed the corresponding proposed order on June 13, 2024. Id. at 3. Further, PG INT'L argues that it not only did not consent to the Court's jurisdiction but also based its entire motion to dismiss upon the Court's lack of personal jurisdiction for improper service. Id. at 4. Finally, PG INT'L contends that it did not waive the defenses of insufficient service of process or lack of personal jurisdiction in its opposition to plaintiff's motion because it addressed the shortcomings of plaintiff's allegations only and "did not submit any of its own facts, proffer any affirmative evidence, or address [p]laintiff's 'likelihood of success on the merits'."[2] Id. at 5.

---

[2] PG INT'L explicitly states in its opposition to plaintiff's motion for a preliminary injunction that it is making a special rather than a general appearance. Dkt. 18 at 1. It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Here, PG INT'L filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) because it contends that plaintiff failed to serve it—a German company with its headquarters in Bulgaria—pursuant to Federal Rule of Civil Procedure 4. Rule 4(f)(1) provides that an individual in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]"[3] Fed. R. Civ. P. 4(f)(1). However, plaintiff does not even attempt to argue that he properly served PG INT'L pursuant to Rule 4 in his opposition to PG INT'L's motion. Thus, the Court finds that plaintiff has not met his burden to prove that he properly served PG INT'L with the summons and complaint pursuant to Rule 4.

In any event, plaintiff's purported method of service appears to be improper under Rule 4 and the Hague Convention. Counsel for plaintiff asserts that his "office sent copies of the summons, complaint, and other court papers issued by the Court upon filing, to the defendants via Federal Express."[4] Dkt. 12-2, Declaration of Paul S. Marks ¶ 4, Exh. P. However, Bulgaria objects to Article 10(a) of the Hague Convention, which states that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad[.]" Hague Convention, art. 10(a). Plaintiff's service upon PG INT'L by FedEx was therefore improper because Bulgaria does not accept service by postal channels. See Xyrous Communications, LLC v. Bulgarian Telecommunications Co. AD, 2009 WL 2877084, at *10 (E.D. Va., Sept. 4, 2009) ("Bulgaria[] objected to Article 10. Therefore, for [plaintiff] to serve [defendant] in accordance with the Hague Convention, this service must be made on the central authority designated by

---

further asserts that "[b]y filing this opposition, [it] does not intend to waive its objections to [p]laintiff's failure to serve [it]." Id. at 1, n.1.

[3] Rule 4(h) directs a plaintiff to serve a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

[4] Counsel for plaintiff also asserts that he asked counsel for defendants via email if he would accept service on behalf of defendants, but counsel for defendants did not respond. See Dkt. 12-2, Declaration of Paul S. Marks ¶ 4, Exh. P; see also dkt. 12 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
|---|---|---|---|
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

Bulgaria[.]"). Thus, it appears to the Court that plaintiff has not properly served PG INT'L with the summons and complaint pursuant to Rule 4 or the Hague Convention.[5]

Moreover, the Court finds that PG INT'L has not waived the defenses of lack of personal jurisdiction and of insufficient service of process. PG INT'L has at all times asserted that it was making a special appearance in this action to bring the instant motion to dismiss pursuant to Rule 12(b)(5) and to oppose plaintiff's motion for a preliminary injunction. It further asserted that it did not intend to waive its objections to plaintiff's improper service by filing its opposition to plaintiff's motion by the deadline imposed by the Court. It appears to the Court that PG INT'L sought to challenge service and personal jurisdiction and still comply with the Court's May 29, 2024 order. Thus, the Court does not construe PG INT'L's opposition as consent to the Court's jurisdiction.[6]

Because it appears that plaintiff failed to properly serve defendants, and none of the defendants have consented to the Court's jurisdiction, the Court cannot proceed to address the merits of plaintiff's motion for a preliminary injunction. The Court "lacks the power to assert personal jurisdiction over a defendant unless the *procedural* requirements of *effective service of process* are also satisfied." Judge Karen L. Stevenson, et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Edition Ch. 5-A ¶ 5:1.1 5:1.1 (2024 ed.) (emphasis in original); see also Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4."). Thus, the Court **VACATES** the hearing on plaintiff's motion for a preliminary injunction and will set a hearing date on the motion after jurisdiction is established. Accordingly, the Court **GRANTS** PG INT'L's motion to dismiss.

---

[5] Defendants are citizens of Bulgaria, Canada, and Germany. Both Bulgaria and Germany object to Article 10 of the Hague Convention. See Agha v. Jacobs, No. C 07-1800 RS, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008) ("Germany is a member of the Hague Convention and has filed its objection under Article 10 to service through postal channels."). While Canada does not object to Article 10, plaintiff nonetheless bears the burden of proving that service has been properly effectuated pursuant to Rule 4.

[6] Given the urgency with which PG INT'L filed its motion to dismiss and its opposition to plaintiff's motion for a preliminary injunction, the Court excuses PG INT'L's noncompliance with the Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-03118-CAS (AJRx) | Date | July 8, 2024 |
| Title | DAVID COHEN V. JASON BOKOR ET AL | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** PG INT'L's motion to dismiss and quashes service upon PG INT'L. The Court directs plaintiff to serve each of the defendants pursuant to Federal Rule of Civil Procedure 4 and the Hague Convention, and to thereafter file proofs of service with the Court.

IT IS SO ORDERED.

| | | |
|---|---|---|
| | 00 | : 00 |
| Initials of Preparer | CMJ | |